# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **SAMANTHA HENDRICKS** | Civil Action No.: _____ |
| Plaintiff, | **COMPLAINT** |
| v. | |
| **AMERICAN SHIPPING AND PACKAGING, INC.**, and | **JURY DEMANDED** |
| **MALIEK D. CARTHORN**, | |
| Defendants. | |

Plaintiff SAMANTHA HENDRICKS ("Plaintiff") hereby files this Complaint against Defendants AMERICAN SHIPPING AND PACKAGING, INC. ("Defendant A.S.A.P.") and MALIEK D. CARTHORN ("Defendant Carthorn") (hereinafter collectively referred to as "Defendants") for violations of federal and Ohio wage and hour laws, including Defendants' failure to pay Plaintiff's minimum wages for all hours worked, Defendants' failure to pay Plaintiff's overtime compensation in workweeks in which more than 40 hours were worked, and Defendants' failure to keep accurate records. The following allegations are based upon information and belief, or personal knowledge as to Plaintiff's own conduct and the conduct and acts of others.

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action to recover monetary damages, liquidated damages and costs, including reasonable attorneys' fees as a result of Defendants' willful violations of the Fair

Labor Standards Act, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA"). This action is commenced under the FLSA in connection with Defendants' violation of their statutory obligations to pay Plaintiff's minimum wages for all hours worked, and Defendants' statutory obligations to pay Plaintiff's overtime compensation at a rate of time and a half (1.5) of her regular rate of pay for work in excess of forty (40) hours per work week pursuant to 29 U.S.C. § 207(a).

2. Plaintiff brings this action for appropriate relief pursuant to the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code ("O.R.C.") §§ 4111 *et seq.*, ("the Ohio Wage Act"), the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA"), O.R.C. § 4109.07 and the Ohio Constitution, Oh. Const. Art. II § 34a. Further, Plaintiff worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but she was not paid overtime wages for this time spent working.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the FLSA, a federal statute.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c), because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

5. This Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. §1367, as to claims under the Ohio Wage Acts, and the Ohio Constitution.

## III. THE PARTIES

6. During relevant times, Plaintiff has been an individual residing in Lucas County and was jointly employed by Defendants from approximately February 2015 to October 2015, and from July 2016 to October 2017.

7. During relevant times, Defendant A.S.A.P. is a corporation registered with the State of Ohio, with its principal place of business located at 1700 West Market St., Suite #153, Akron, OH 44313 (Summit County). Defendant A.S.A.P. can be served through its Statutory Agent David S. Lipkin at 1636 Fairfax Road, Akron, OH 44313.

8. During relevant times, Defendant Carthorn has been the owner, manager, and operator of Defendant A.S.A.P. Defendant Carthorn may be served at his residence, which upon information and belief is located at 350 Ott Drive, New Franklin, OH 44216 (Summit County), or at his place of business located at 1700 West Market St., Suite #153, Akron, OH 44313 (Summit County).

9. Defendants are actively doing business, jointly and individually, in this judicial district.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

**A. Defendants**

11. Defendants are jointly engaged in operating the business of A.S.A.P., a company that provides moving and shipping services throughout northern Ohio and parts of Indiana. Defendant A.S.A.P. maintains office locations in Akron and Toledo.

12. During relevant times, Defendants, jointly and individually, have been an "enterprise engaged in commerce or in the production of goods for commerce" as defined under 29 U.S.C. § 203(s)(1).

13. During relevant times, Defendants have been joint employers of Plaintiff within the meaning of 29 U.S.C. § 203(d).

14. Defendants, jointly and individually, operate and control an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendants have had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

15. During relevant times, Defendant Carthorn has been the owner/CEO of Defendant A.S.A.P.

16. During relevant times, Defendant Carthorn had operational control over significant aspects of the day-to-day functions of A.S.A.P.

17. During relevant times, Defendant Carthorn had the authority to hire, fire, and discipline employees, including Plaintiff.

18. During relevant times, Defendant Carthorn had the authority to set rates and methods of compensation, including that of Plaintiff.

19. During relevant times, Defendant Carthorn had the authority to control the work schedules and employment conditions, including those of Plaintiff's.

20. During relevant times, Defendant Carthorn had authority and responsibility to direct the activities of the employees, including those of Plaintiff's.

21. During relevant times, Defendant Carthorn was ultimately responsible for the maintenance of employment records, including records concerning Plaintiff.

22. During relevant times, Defendants jointly hired Plaintiff, controlled her work schedule and conditions of employment, and determined the rate and method of the payment of wages.

23. During relevant times, Defendants jointly maintained control, oversight, and direction over Plaintiff, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

24. During relevant times, Defendants mutually benefitted from the work performed by Plaintiff.

25. During relevant times, Defendants did not act entirely independently of each other and were not been completely disassociated with respect to the work of Plaintiff.

26. During relevant times, Defendants shared the services of Plaintiff.

27. During relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff.

28. Defendants are required by the FLSA, the Ohio Wage Act, and the Ohio Constitution to keep records of the hours worked by Plaintiffs, but Defendants did not keep all such records.

29. During relevant times, Defendants jointly deprived Plaintiff of compensation for the work she performed, including compensation for hours worked in excess of 40 in workweeks.

30. Defendants' wrongful acts and/or omissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor, Ohio Department of Commerce, or any administrative practice or enforcement policy of such departments.

**B. Plaintiff**

31. Plaintiff was jointly employed by Defendants at Defendants' Toledo office location as an hourly non-exempt employee from approximately February 2015 to October 2015

(Plaintiff's first period of employment), and from July 2016 to October 2017 (Plaintiff's second period of employment).

32. Throughout her employment with Defendants, Plaintiff was not paid a salary, her primary duty was not management, and her primary duties did not include the exercise of judgment or discretion as to matters of significance concerning the business operations of Defendants or Defendants' customers.

33. At the start of each workday, Plaintiff would report to Defendants' Toledo office to pick up the company car from the parking lot outside of the building ("the lot"). Plaintiff used the company car throughout the workday to transport items and make deliveries to various locations as instructed by Defendants. For example, as part of her continuous workday, Plaintiff frequently drove to various hospitals and doctors' offices to pick-up pathology specimens and transport and deliver them to laboratories.

34. As part of her job duties, Plaintiff completed paperwork and obtained signatures for each pick-up or delivery location in order to document the time, location, and description of the items to be transported or delivered.

35. After Plaintiff completed the last delivery of the workday, Plaintiff reported back to the lot to drop off the company car and to sign out on a sheet provided by Defendants.

36. During the first period of her employment, Plaintiff regularly worked over forty (40) hours per week, typically at least forty-five (45) to fifty (50) hours. Plaintiff worked Monday through Friday from approximately 3:00pm to 11:00pm, often times later. Additionally, Defendants required Plaintiff to be "on-call" for two (2) overnight shifts per workweek.

37. During on-call shifts, Defendants required Plaintiff to be available to promptly provide pick-up and delivery services as needed by Defendants' customers. Plaintiff received on-call assignments on a cell phone provided by Defendants.

38. Plaintiff used her personal vehicle, rather than the company car, to drive for Defendants during on-call assignments. Plaintiff estimates that she used her personal vehicle approximately two (2) to three (3) times per week.

39. Although on-call shifts generally ranged lasted 10 to 12 hours per shift, Defendants only compensated Plaintiff for 2.5 hours per on-call shift.

40. Plaintiff was not properly paid for her mileage or reimbursed for the use of her own car when she engaged in the above listed activities during the course of her employment.

41. During Plaintiff's second period of employment, Plaintiff regularly worked over forty (40) hours per week, usually at least fifty-five (55) to sixty-five (65) hours per week. Defendant paid Plaintiff at a rate of $12.00 per hour.

42. During relevant times, Defendants required Plaintiff to regularly work while not clocked in at the end of her shift. For example, if Plaintiff worked past her scheduled end time, Defendants did not compensate her for that additional time worked. Plaintiff estimates that she would sign out after her scheduled end time approximately 2-3 times per week, resulting in at least approximately one (1) to two (2) hours of unpaid work per week.

43. During relevant times, Defendants' conduct resulted in their failure to pay Plaintiff for all hours worked at the applicable federal or Ohio minimum wages in a workweek, and failure to pay Plaintiff overtime compensation of a rate of not less than one and one half her regular rate for hours worked over 40 in a workweek.

44. In addition to not paying overtime to Plaintiff, Defendants also made illegal deductions from Plaintiff's paychecks for the use of a car.

45. Upon information and belief, Defendants deducted approximately $57 dollars per paycheck starting in February of 2017 and continuing throughout the remainder of Plaintiff's employment.

46. Plaintiff reserves the right to amend to or add to the forgoing estimates and examples, because the exact total of unpaid hours, including minimum wage and overtime compensation is largely unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

47. Neither the car provided to Plaintiff by the Defendants nor the Plaintiff's personal car are "commercial motor vehicles" as that term is defined by 49 U.S.C. § 309.5 et seq.

## V. CLAIMS FOR RELIEF

### COUNT I
**(Minimum Wage Violations of the FLSA)**

48. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

49. During relevant times, Defendants jointly employed Plaintiff.

50. During relevant times, Plaintiff was required by Defendants to work, and regularly did work, unrecorded and unpaid, off-the-clock hours in workweeks.

51. During relevant times, Defendants have been employers covered by the minimum wage requirements set forth in the FLSA.

52. During relevant times, Plaintiff was an employee covered by the minimum wage protections set forth in the FLSA.

53. During relevant times, Plaintiff was not exempt from receiving FLSA minimum wage benefits because, *inter alia*, she was not an "executive," "computer," "administrative," "professional" or "computer" employee, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq*.

54. During relevant times, Plaintiff was not exempt under any other exemptions.

55. During relevant times, Defendants jointly failed to pay Plaintiff minimum wages for all hours worked in a workweek, in violation of the FLSA.

56. Defendants' conduct, described herein, was willful, intentional, unreasonable, arbitrary and in bad faith.

57. Plaintiff has been harmed by Defendants acts or omissions described herein.

58. As a result of the foregoing, Plaintiff was illegally denied minimum wage compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, prejudgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C. § 216(b).

59. The exact total amount of minimum wage compensation that Defendants failed to pay Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

## COUNT II
**(Overtime Violations of the FLSA)**

60. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

61. During relevant times, Defendants jointly employed Plaintiff.

62. During relevant times, Plaintiff was required by Defendants to work, and regularly did work, unrecorded and unpaid, off-the-clock hours in workweeks.

63. During relevant times, Plaintiff was required by Defendants to work more than 40 hours in a workweek.

64. During relevant times, Defendants have been joint employers covered by the overtime requirements set forth in the FLSA.

65. During relevant times, Defendants have been employers covered by the overtime requirements set forth in the FLSA.

66. During relevant times, Plaintiff was an employee covered by the overtime protections set forth in the FLSA.

67. During relevant times, Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, she was not an "executive," "computer," "administrative," "professional" or "computer" employee, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq*.

68. During relevant times, Plaintiff was not exempt under any other exemptions.

69. During relevant times, Defendant failed to pay Plaintiff overtime compensation at time and a half (1.5) of her regular rate of pay for hours worked in excess of 40 in a workweek, in violation of the FLSA.

70. Defendants' conduct, described herein, was willful, intentional, unreasonable, arbitrary and in bad faith.

71. Plaintiff has been harmed by Defendants' acts or omissions described herein.

72. As a result of the foregoing, Plaintiff was illegally denied overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, prejudgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C. § 216(b).

73. The exact total amount of overtime compensation that Defendants failed to pay Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

## COUNT III
**(Minimum Wage Violations of the Ohio Wage Act and the Ohio Constitution)**

74. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

75. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111 *et seq.*

76. During relevant times, Plaintiff was a covered employee entitled to protections of the Ohio Wage Act and the Ohio Constitution Art. II, § 34.

77. During relevant times, Defendants were entities covered by the Ohio Constitution Art. II, § 34; and Plaintiff was employed by Defendants within the meaning of the Ohio Constitution Art. II, § 34.

78. During relevant times, Defendants were covered employers required to comply with the Ohio Wage Act's and the Ohio Constitution's mandates.

79. During relevant times, Plaintiff was not exempt from receiving the Ohio minimum wage because, *inter alia*, she was not an "executive," "administrative," "professional," "outside sales" or "computer" employee, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also* 29 C.F.R. §§ 541.0, *et seq.*

80. During relevant times, Plaintiff was not exempt under any other exemption.

81. During relevant times, Plaintiff was employed by Defendants.

82. During relevant times, Plaintiff was required by Defendants to work, and regularly did work, unrecorded and unpaid, off-the-clock hours in a workweek.

83. During relevant times, Defendants failed to pay Plaintiff at least the Ohio minimum wage per hour for all hours worked in a workweek, in violation of Ohio law.

84. Defendants' conduct, described herein, was willful, intentional, unreasonable, arbitrary and in bad faith.

85. Plaintiff has been harmed by Defendants' acts or omissions described herein.

86. As a result of the foregoing, Plaintiff was illegally denied the Ohio minimum wage, in such amount to be determined at trial, and is entitled to recovery of total unpaid amounts, plus and additional two-times the unpaid wages, costs, reasonable attorney's fees and other compensation pursuant to O.R.C. §4111.14(J).

87. The exact total amount of minimum wage compensation that Defendants failed to pay Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

## COUNT IV
**(Overtime Violations of the Ohio Wage Act)**

88. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

89. During relevant times, Plaintiff was jointly employed by Defendants.

90. During relevant times, Defendants were employers covered by the overtime requirements set forth in the Ohio Wage Act.

91. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

92. During relevant times, Plaintiff was a covered employee entitled to the Ohio Wage Act's protection.

93. As an employee for Defendants, Plaintiff worked in excess of the maximum weekly hours permitted under O.R.C. §4111.03, but was not paid overtime wages for this time spent working.

94. Defendants failed to pay Plaintiff overtime compensation at time and a half (1.5) of her regular rate of pay for hours in a work week in excess of 40 in a workweek.

95. Defendants willfully violated Ohio law in the withholding of overtime compensation.

96. Plaintiff has been harmed by Defendants' acts or omissions described herein.

97. The exact total amount of overtime compensation that Defendants failed to pay Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

98. Pursuant to the Ohio Revised Code, Plaintiff is entitled to attorneys' fees and costs incurred; and request all unpaid overtime compensation and other relief as allowed by Ohio law.

### COUNT V
### (Violation of the OPPA)

99. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

100. During relevant times, Plaintiff was employed by Defendants.

101. During relevant times, Defendants were entities covered by the OPPA and Plaintiff was employed by Defendants within the meaning of the OPPA.

102. The OPPA requires that the Defendants pay Plaintiff all wages, including minimum wages and overtime, on or before the first day of each month, for wages earned by her during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by her during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

103. During relevant times, Plaintiff was not paid wages, either a minimum wage or overtime wages at one and one-half times the applicable regular rate, within thirty (30) days of performing the work. *See* O.R.C. §4113.15(B).

104. Plaintiff's unpaid wages remain unpaid for more than thirty (30) days beyond her regularly scheduled payday.

105. Plaintiff has been harmed and continues to be harmed by Defendants' acts or omissions described herein.

106. In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## COUNT VI
**(Recordkeeping Violations of the Ohio Wage Act)**

107. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

108. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08; *and* Ohio Rev. Code §§4111.14(G) & (H). *See also*, 29 C.F.R. §§ 516.2 *et seq*.

109. During relevant times, Defendants were covered employers, and jointly and severally required to comply with the Ohio Wage Act's mandates.

110. During relevant times, Plaintiffs were covered employees entitled to the protections of the Ohio Wage Act.

111. During relevant times, Defendants jointly violated the Ohio Wage Act with respect to Plaintiffs by requiring Plaintiffs to perform compensable off-the-clock work; thereby failing to properly maintain accurate records of all hours that Plaintiffs worked each workday and within each workweek.

112. In violating the Ohio Wage Act, Defendants jointly acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for declaratory relief and damages as follows:

(A) A declaratory judgment that Defendants' conduct alleged herein, jointly and severally, violate the FLSA, the Ohio Wage Acts, and the Ohio Constitution;

(B) An order for injunctive relief ordering Defendants to end all of the illegal conduct alleged herein pursuant to FLSA, the Ohio Wage Acts, and the Ohio Constitution; and requiring Defendants to follow such laws going forward;

(C) An order directing Defendants, at their own expense, to investigate and account for the number of hours actually worked by Plaintiff per workweek;

(D) Judgment against Defendants, jointly and severally, for damages for all unpaid minimum wage and/or overtime compensation owed to Plaintiff during the applicable statutory period under the FLSA 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*, the Ohio Wage Acts and the Ohio Constitution;

(E) Judgment against Defendants, jointly and severally, for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et*

*seq.*, in an amount equal to all unpaid minimum wage and overtime compensation owed to Plaintiff during the applicable statutory period;

(F) Judgment against Defendants, jointly and severally, for all unpaid minimum wage and/or overtime compensation and any liquidated damages allowed by Ohio law for Plaintiff, including but not limited to liquidated damages provided O.R.C. §4111.14(J);

(G) An order directing Defendants to pay reasonable attorney's fees and all costs connected with this action;

(H) Judgment for any and all civil penalties to which Plaintiff may be entitled; and

(I) Such other and further relief as to this Court may deem necessary, just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all questions of fact raised by the Complaint.

Dated: December 7, 2017				Respectfully submitted,

**BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP**

*/s/ Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)
Molly K. Tefend (OH Bar No. 0093574)
250 E. Broad St., 10th Floor
Columbus, OH 43215
Telephone: (614) 221-4221
Fax: (614) 744-2300
Email: bderose@barkanmeizlish.com
           mtefend@barkanmeizlish.com

*Attorneys for Plaintiff*