# Exhibit A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

American Shipping and Packing, Inc ("Defendant") and Samantha Hendricks, her heirs, executors, administrators, successors, and assigns (referred to throughout this Agreement as "Plaintiff"), intending to be legally bound, agree that:

WHEREAS, Plaintiff commenced this action in the United States District Court for the Northern District of Ohio at Civil Action No. 5:17-cv-2549 alleging causes of action against Defendant arising under the Fair Labor Standards Act, the Ohio Wage Act, the OPPA and race/national origin discrimination under O.R.C. § 4112.02;

WHEREAS, Defendant has denied any and all allegations of illegal or improper conduct;

WHEREAS, in order to avoid the time and expense of further legal action, the parties agree to settle any and all matters regarding the above-mentioned civil action.

NOW, THEREFORE, IT IS AGREED BY THE PARTIES AS FOLLOWS:

1. **Last Day of Employment.** Plaintiff's last day of employment with Defendant was in October 2017.

2. **Consideration.** In consideration for Plaintiff signing this Settlement Agreement and General Release ("Settlement Agreement"), and complying with its terms, and dismissing the action currently pending in the United States District Court for the Northern District of Ohio at Civil Action No. 5:17-cv-2549, Defendant agrees to cause to be paid to Plaintiff, the total aggregate amount of ten thousand dollars and no cents ($10,000.00) ("the Settlement Amount"), as follows:

   a. Defendant agrees to pay to Plaintiff four thousand five hundred dollars and no cents ($4,500.00), less lawful deductions, representing wage-related damages arising from his claims against Defendant. An IRS Form W-2 will be issued to Plaintiff for this amount;

   b. Defendant agrees to pay to Barkan Meizlish Handelman Goodin DeRose Wentz, LLP, as Plaintiff's attorneys, on Plaintiff's behalf, five thousand five hundred dollars and no cents ($5,500.00), representing attorneys' fees and costs in connection with Plaintiff's claims against Defendant, for which an IRS Form 1099 will be issued to Plaintiff and to Barkan Meizlish Handelman Goodin DeRose Wentz, LLP.

   c. Defendant agrees to pay all employer related

withholding taxes associated with the payment in Paragraph 2.a. from funds outside of the Settlement Amount.

Defendant will cause the checks to be issued in the manner and amount specified within thirty (30) days of the execution of this Settlement Agreement. Defendant further agrees to provide Plaintiff with a neutral letter of reference consisting of job title, dates of employment and wages.

3. **Approval of Settlement and Dismissal of Action.** Upon Court approval of the Settlement Agreement and within seven (7) days of Defendant's compliance with the payments obligations provided in Paragraph 2 of this Agreement, Plaintiff shall dismiss, in writing and with prejudice, all complaints, suits, actions, charges, claims and/or other legal proceedings they have instituted against Defendant that remain pending, including but not limited to the action currently pending in the United States District Court for the Northern District of Ohio at Civil Action No. 5:17-cv-2549 if the Court's approval order does not dismiss the action with prejudice. Plaintiff shall withdraw and/or dismiss with prejudice the pending action in the United States District Court for the Northern District of Ohio at Civil Action No. 5:17-cv-2549 within 7 days of proper payment in compliance with Paragraph 2 a through g above. Defendant's failure to completely and wholly comply with Paragraph 2 a through g above will constitute a breach of the entire agreement, whereby Plaintiff will not withdraw or dismiss the above referenced civil action and will continue to pursue the pleaded claims.

The Parties agree to cooperate and take all steps necessary and appropriate to obtain Approval of this Settlement, effectuate its terms, and cause the Action to be dismissed with prejudice, and the Parties recognize that their failure to cooperate or comply with their obligations provided herein may constitute a material breach of this Agreement.

The Parties agree that the Settlement is fair, adequate and reasonable, and will so represent to the Court.

By September 7, 2018, the Parties will jointly move the Court for approval of the Settlement and entry of the proposed Approval Order (Exhibit 1 of Joint Motion for Approval of Settlement) granting approval of the Settlement as fair, adequate, and reasonable, approving the Settlement Amount, and the distribution as set forth in Paragraph 2 a through g above, and dismissing the Action with prejudice. If the Court does not enter the proposed Approval Order, or decides to do so only with material modifications to the terms of this Agreement, then this Agreement shall become null and void, unless the Parties agree in writing to modify this Agreement and the Court approves this Agreement as modified.

Subject to and conditioned upon the approval by the Court of the Settlement in accordance with the terms and conditions of the Settlement Agreement and upon Defendant's compliance with the payments obligations provided in Paragraph 2 of the Settlement Agreement, Plaintiffs agree that this Action shall be dismissed with prejudice as to all Released Parties and all Released Claims, with all Parties responsible for their own costs and attorneys' fees, except as otherwise provided in the Settlement Agreement.

4. **No Consideration Absent Execution of this Agreement.** Plaintiff

understands and agrees that Plaintiff would not receive the monies and/or benefits specified in paragraph "2" above, except for Plaintiff's execution of the Settlement Agreement and the fulfillment of the promises contained herein.

5. **General Release of All Claims.** Plaintiff knowingly and voluntarily releases and forever discharges Defendant, its parent corporation, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and its current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Plaintiff has or may have against Releasees as of the date of execution of the Settlement Agreement, including, but not limited to, any alleged violation of: Title VII of the Civil Rights Act of 1964; Sections 1981 through 1988 of Title 42 of the United States Code; The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan); The Immigration Reform and Control Act; The Americans with Disabilities Act of 1990, as amended; The Age Discrimination in Employment Act of 1967 ("ADEA"), as amended; The Genetic Information Non-Discrimination Act; The Worker Adjustment and Retraining Notification Act; The Fair Credit Reporting Act; The Fair Labor Standards Act, The Family and Medical Leave Act, as amended; The Equal Pay Act; any other federal, state or local law, rule, regulation, or ordinance; any public policy, contract, tort, or common law; or any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

If any claim is not subject to release, to the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendant or any other Release identified in the Settlement Agreement is a party.

6. **Other Claims and Liens.** Plaintiff represents and warrants that no Medicaid and/or Medicare payments have yet been made to or on behalf of Plaintiff and that no liens, claims, demands, subrogated interests, or causes of action of any nature or character exist or have been asserted arising from or related to any released matters.

7. **Acknowledgments and Affirmations.** Plaintiff affirms that Plaintiff, individually or collectively, have not filed, caused to be filed, or presently are a party to any claim against Defendants, individually or collectively, except the action currently pending in the United States District Court for the Northern District of Ohio at Civil Action No. 5:17-cv-2549. Plaintiff further affirms that he has no known workplace injuries or occupational diseases.

8. **Non-Disparagement.** The Parties mutually agree that they will not make any disparaging statements about the other. A disparaging statement is any communication, oral or written, which would cause or tend to cause humiliation or embarrassment or to cause a recipient to question the business condition, integrity, product and service, quality, confidence or good character of any of these persons or entities.

9. **Governing Law and Interpretation.** The Settlement Agreement shall be

governed and conformed in accordance with the laws of the State of Ohio, without regard to its conflict of laws provision. In the event of a breach of any provision of the Settlement Agreement, either party may institute an action specifically to enforce any term or terms of the Settlement Agreement and/or to seek any damages for breach. Should any provision of the Settlement Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of the Settlement Agreement in full force and effect.

10. **Nonadmission of Wrongdoing.** The parties agree that neither the Settlement Agreement nor the furnishing of the consideration for the Settlement Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

11. **Amendment.** The Settlement Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to the Settlement Agreement.

15. **Entire Agreement.** The Settlement Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiffs acknowledges that Plaintiffs has not relied on any representations, promises, or agreements of any kind made to Plaintiffs in connection with Plaintiffs' decision to accept the Settlement Agreement, except for those set forth in the Settlement Agreement.

PLAINTIFF ACKNOWLEDGES THAT THEY SHE HAD A REASONABLE TIME TO CONSIDER THE SETTLEMENT AGREEMENT. PLAINTIFF ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THE SETTLEMENT AGREEMENT. PLAINTIFF, FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THE SETTLEMENT AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Settlement Agreement and General Release as of the date(s) set forth below:

AMERICAN SHIPPING AND PACKING, INC, Defendant

By: _M Don(u&_____  Date: 9/5/18

SAMANTHA HENDRICKS, Plaintiff

_____  Date: _____

DocuSign Envelope ID: 2FC41723-88B5-4D28-AEEE-A63D5741E3CF

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

American Shipping and Packing, Inc ("Defendant") and Samantha Hendricks, her heirs, executors, administrators, successors, and assigns (referred to throughout this Agreement as "Plaintiff"), intending to be legally bound, agree that:

WHEREAS, Plaintiff commenced this action in the United States District Court for the Northern District of Ohio at Civil Action No. 5:17-cv-2549 alleging causes of action against Defendant arising under the Fair Labor Standards Act, the Ohio Wage Act, the OPPA and race/national origin discrimination under O.R.C. § 4112.02;

WHEREAS, Defendant has denied any and all allegations of illegal or improper conduct;

WHEREAS, in order to avoid the time and expense of further legal action, the parties agree to settle any and all matters regarding the above-mentioned civil action.

NOW, THEREFORE, IT IS AGREED BY THE PARTIES AS FOLLOWS:

1. **Last Day of Employment.** Plaintiff's last day of employment with Defendant was in October 2017.

2. **Consideration.** In consideration for Plaintiff signing this Settlement Agreement and General Release ("Settlement Agreement"), and complying with its terms, and dismissing the action currently pending in the United States District Court for the Northern District of Ohio at Civil Action No. 5:17-cv-2549, Defendant agrees to cause to be paid to Plaintiff, the total aggregate amount of ten thousand dollars and no cents ($10,000.00) ("the Settlement Amount"), as follows:

   a. Defendant agrees to pay to Plaintiff four thousand five hundred dollars and no cents ($4,500.00), less lawful deductions, representing wage-related damages arising from his claims against Defendant. An IRS Form W-2 will be issued to Plaintiff for this amount;

   b. Defendant agrees to pay to Barkan Meizlish Handelman Goodin DeRose Wentz, LLP, as Plaintiff's attorneys, on Plaintiff's behalf, five thousand five hundred dollars and no cents ($5,500.00), representing attorneys' fees and costs in connection with Plaintiff's claims against Defendant, for which an IRS Form 1099 will be issued to Plaintiff and to Barkan Meizlish Handelman Goodin DeRose Wentz, LLP.

   c. Defendant agrees to pay all employer related

DocuSign Envelope ID: 2FC41723-88B5-4D28-AEEE-A63D5741E3CF

withholding taxes associated with the payment in Paragraph 2.a. from funds outside of the Settlement Amount.

Defendant will cause the checks to be issued in the manner and amount specified within thirty (30) days of the execution of this Settlement Agreement. Defendant further agrees to provide Plaintiff with a neutral letter of reference consisting of job title, dates of employment and wages.

3. **Approval of Settlement and Dismissal of Action.** Upon Court approval of the Settlement Agreement and within seven (7) days of Defendant's compliance with the payments obligations provided in Paragraph 2 of this Agreement, Plaintiff shall dismiss, in writing and with prejudice, all complaints, suits, actions, charges, claims and/or other legal proceedings they have instituted against Defendant that remain pending, including but not limited to the action currently pending in the United States District Court for the Northern District of Ohio at Civil Action No. 5:17-cv-2549 if the Court's approval order does not dismiss the action with prejudice. Plaintiff shall withdraw and/or dismiss with prejudice the pending action in the United States District Court for the Northern District of Ohio at Civil Action No. 5:17-cv-2549 within 7 days of proper payment in compliance with Paragraph 2 a through g above. Defendant's failure to completely and wholly comply with Paragraph 2 a through g above will constitute a breach of the entire agreement, whereby Plaintiff will not withdraw or dismiss the above referenced civil action and will continue to pursue the pleaded claims.

The Parties agree to cooperate and take all steps necessary and appropriate to obtain Approval of this Settlement, effectuate its terms, and cause the Action to be dismissed with prejudice, and the Parties recognize that their failure to cooperate or comply with their obligations provided herein may constitute a material breach of this Agreement.

The Parties agree that the Settlement is fair, adequate and reasonable, and will so represent to the Court.

By September 7, 2018, the Parties will jointly move the Court for approval of the Settlement and entry of the proposed Approval Order (Exhibit 1 of Joint Motion for Approval of Settlement) granting approval of the Settlement as fair, adequate, and reasonable, approving the Settlement Amount, and the distribution as set forth in Paragraph 2 a through g above, and dismissing the Action with prejudice. If the Court does not enter the proposed Approval Order, or decides to do so only with material modifications to the terms of this Agreement, then this Agreement shall become null and void, unless the Parties agree in writing to modify this Agreement and the Court approves this Agreement as modified.

Subject to and conditioned upon the approval by the Court of the Settlement in accordance with the terms and conditions of the Settlement Agreement and upon Defendant's compliance with the payments obligations provided in Paragraph 2 of the Settlement Agreement, Plaintiffs agree that this Action shall be dismissed with prejudice as to all Released Parties and all Released Claims, with all Parties responsible for their own costs and attorneys' fees, except as otherwise provided in the Settlement Agreement.

4. **No Consideration Absent Execution of this Agreement.** Plaintiff

DocuSign Envelope ID: 2FC41723-88B5-4D28-AEEE-A63D5741E3CF

understands and agrees that Plaintiff would not receive the monies and/or benefits specified in paragraph "2" above, except for Plaintiff's execution of the Settlement Agreement and the fulfillment of the promises contained herein.

5. **General Release of All Claims.** Plaintiff knowingly and voluntarily releases and forever discharges Defendant, its parent corporation, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and its current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Plaintiff has or may have against Releasees as of the date of execution of the Settlement Agreement, including, but not limited to, any alleged violation of: Title VII of the Civil Rights Act of 1964; Sections 1981 through 1988 of Title 42 of the United States Code; The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan); The Immigration Reform and Control Act; The Americans with Disabilities Act of 1990, as amended; The Age Discrimination in Employment Act of 1967 ("ADEA"), as amended; The Genetic Information Non-Discrimination Act; The Worker Adjustment and Retraining Notification Act; The Fair Credit Reporting Act; The Fair Labor Standards Act, The Family and Medical Leave Act, as amended; The Equal Pay Act; any other federal, state or local law, rule, regulation, or ordinance; any public policy, contract, tort, or common law; or any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

If any claim is not subject to release, to the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendant or any other Release identified in the Settlement Agreement is a party.

6. **Other Claims and Liens.** Plaintiff represents and warrants that no Medicaid and/or Medicare payments have yet been made to or on behalf of Plaintiff and that no liens, claims, demands, subrogated interests, or causes of action of any nature or character exist or have been asserted arising from or related to any released matters.

7. **Acknowledgments and Affirmations.** Plaintiff affirms that Plaintiff, individually or collectively, have not filed, caused to be filed, or presently are a party to any claim against Defendants, individually or collectively, except the action currently pending in the United States District Court for the Northern District of Ohio at Civil Action No. 5:17-cv-2549. Plaintiff further affirms that he has no known workplace injuries or occupational diseases.

8. **Non-Disparagement.** The Parties mutually agree that they will not make any disparaging statements about the other. A disparaging statement is any communication, oral or written, which would cause or tend to cause humiliation or embarrassment or to cause a recipient to question the business condition, integrity, product and service, quality, confidence or good character of any of these persons or entities.

9. **Governing Law and Interpretation.** The Settlement Agreement shall be

DocuSign Envelope ID: 2FC41723-88B5-4D28-AEEE-A63D5741E3CF

governed and conformed in accordance with the laws of the State of Ohio, without regard to its conflict of laws provision. In the event of a breach of any provision of the Settlement Agreement, either party may institute an action specifically to enforce any term or terms of the Settlement Agreement and/or to seek any damages for breach. Should any provision of the Settlement Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of the Settlement Agreement in full force and effect.

10. **Nonadmission of Wrongdoing.** The parties agree that neither the Settlement Agreement nor the furnishing of the consideration for the Settlement Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

11. **Amendment.** The Settlement Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to the Settlement Agreement.

15. **Entire Agreement.** The Settlement Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiffs acknowledges that Plaintiffs has not relied on any representations, promises, or agreements of any kind made to Plaintiffs in connection with Plaintiffs' decision to accept the Settlement Agreement, except for those set forth in the Settlement Agreement.

**PLAINTIFF ACKNOWLEDGES THAT THEY SHE HAD A REASONABLE TIME TO CONSIDER THE SETTLEMENT AGREEMENT. PLAINTIFF ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THE SETTLEMENT AGREEMENT. PLAINTIFF, FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THE SETTLEMENT AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Settlement Agreement and General Release as of the date(s) set forth below:

MALIEK D. CARTHORN, Defendant

By: _____     Date: _____

SAMANTHA HENDRICKS, Plaintiff

_____     Date: 9/7/2018